WESTERN LAND ASSOCIATION v. JAMES W. THOMPSON and Others.

May 11, 1900.

Nos. 11,962—(68).

**Ejectment—Second Trial—Payment of Damages.**

There must be a specific recovery of the damages found in a judgment for the recovery of real estate, to require a payment thereof, in order to secure a second trial of such action under G. S. 1894, § 5845.

**Same—Set-Off of Damages against Improvements.**

*Held,* upon the facts in this case, that the defendants in ejectment were entitled to a second trial upon payment of the costs and disbursements, and a proper demand in accordance with law, for the reason that the damages found had been offset against the improvements, and no execution could issue therefor.

Action in the district court for St. Louis county to recover possession of real property and for $1,200 damages for detention of the premises. The case was tried before Cant, J., who made findings pursuant to which judgment was entered as set forth in the opinion. From an order setting aside defendants' demand for a second trial, and also from an order amending the pleadings, findings, and judgment and all other proceedings by adding to the name of plaintiff the words "of Minnesota," defendants appealed. Reversed.

*I. Grettum,* for appellants.

*Fryberger & Johanson,* for respondent.

LOVELY, J.

Plaintiff brought suit to recover a city lot in Duluth from de-

fendants, who set up valuable improvements thereon under the occupying claimant's act (G. S. 1894, § 5849, et seq.).

The action was tried without a jury, and upon the findings of the trial court, who estimated the defendants' improvements (being the value of the yearly rental for the entire period allowed by law, as well as the value of the land without the improvements), a judgment was entered providing that execution should not issue until one year after the entry thereof, unless within that time defendants should pay into court the amount of the improvements, less the sum of $210, which had been determined as the amount of the rental value or damages during the entire period for which they had been assessed. It was also adjudged that the value of the land without the improvements was $846, and that within thirty days after the entry of judgment the plaintiff might demand in writing of the defendants payment into court of such sum, less taxes and assessments, in which case defendants should have their title confirmed, but, upon a failure, be barred of any right in the property, and that execution then issue therefor. It is nowhere in such judgment provided that any sum be recovered as damages in any other way, or that execution issue therefor, than as above, although the judgment finds that plaintiff has sustained such damages in the sum of $210, which is the sum previously set off pro tanto against the improvements, and reduces the amount thereof upon which execution in a certain event is to issue, as provided in the previous terms of the judgment.

After judgment the costs and disbursements were duly taxed. Within six months after notice of the judgment the defendants tendered the plaintiff the full amount of the costs and disbursements as taxed, and demanded a second trial, under G. S. 1894, § 5845, which provides that

"Any person against whom a judgment is recovered in an action for the recovery of real property, may, within six months after written notice of such judgment, upon payment of all costs and damages recovered thereby, demand another trial, by notice," etc.

It was claimed by plaintiff that the demand was insufficient, because defendants did not pay the amount of the damages sustained. This view was adopted by the learned trial court, from

whose order setting aside such demand this appeal is taken. We do not agree to this view. The rental value of the premises had been, in the very terms of the judgment, offset against the improvements, for which, less that sum, execution could not, by its terms, issue for a year; and there is elsewhere in the judgment no provision for their recovery in any other way, or for the execution to issue therefor in any event. It may be that this difficulty arose from embodying in the judgment the legal results which follow as a matter of law upon a recovery of improvements in the occupying claimant's act, referred to; but, as there is no judgment for the recovery of such damages as the provisions in the ejectment statute require to secure second trial, the payment of the costs was sufficient to entitle defendants to a second trial.

We agree with the learned trial court that it had the power to amend the pleadings, and judgment, under G. S. 1894, § 5267, in this case, by adding to the designation of plaintiff's name, "Western Land Association," the words "of Minnesota."

Order reversed, and case remanded for further proceedings.